```
                               FILED
                       CLERK, U.S. DISTRICT COURT

                            11/30/2022

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY:        AP         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:22-cr-00275-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| GUSTAVO GALLARDO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about July 22, 2022, in San Bernardino County, within the Central District of California, defendant GUSTAVO GALLARDO knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 213 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about July 22, 2022, in San Bernardino County, within the Central District of California, defendant GUSTAVO GALLARDO knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1. Four rounds of Prvi Partizan 9mm caliber ammunition contained in a black bag;

2. Three rounds of Tulammo 9mm caliber ammunition contained in a black bag;

3. Approximately 27 rounds of Fiocchi 9mm caliber ammunition contained in a black bag; and

4. Nine rounds of Fiocchi 9mm caliber ammunition loaded within a Polymer 90, 9mm caliber semi-automatic handgun, bearing no serial number (commonly referred to as a "ghost gun").

Defendant GALLARDO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of San Bernardino, case number RCR21588, on or about November 29, 1993;

2. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV02090, on or about November 29, 1993;

3. Assault with Firearm on a Person, in violation of California Penal Code Section 245(a)(2), in the Superior Court of the

State of California, County of San Bernardino, case number FWV04762, on or about November 7, 1994;

    4.   Forged Check, in violation of California Penal Code Section 475(c), in the Superior Court of the State of California, County of San Bernardino, case number FWV020788, on or about September 28, 2000;

    5.   Second Degree Attempted Murder, in violation of California Penal Code Sections 664, 187(a), in the Superior Court of the State of California, County of San Bernardino, case number FVA022636, on or about March 3, 2005;

    6.   Manufacturing Weapon in a Penal Institution, in violation of California Penal Code Section 4502(b), in the Superior Court of the State of California, County of San Diego, case number SCS234832, on or about January 26, 2010; and

    7.   Evading a Peace Officer with Wanton Disregard, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court of the State of California, County of San Bernardino, case number FWV20004451, on or about December 30, 2020.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

SENTENCING ALLEGATION

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

Defendant GUSTAVO GALLARDO, prior to committing the offense alleged in Count One of this Indictment, had been finally convicted of a serious violent felony as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, namely, Second Degree Attempted Murder, in violation of California Penal Code Sections 664, 187(a), in the Superior Court of the State of California, County of San Bernardino, case number FVA022636, on or about March 3, 2005, for which defendant GALLARDO served a term of imprisonment of more than 12 months.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

*Christina Shy for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

ROBERT S. TRISOTTO
Assistant United States Attorney
Riverside Branch Office